UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LIBERTUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01226-AGF |
| | ) | |
| PEYTON KEENER HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (ECF No. 110) of Defendants Ashley

Skaggs and Tamra Crouch, formerly employed by Corizon Health Services (hereinafter

"Corizon," and Skaggs and Crouch, collectively, hereinafter "Corizon Former

Employees"), to stay this action as to the claims against them only.[1]  Plaintiff Timothy

Libertus, proceeding pro se in this matter, has not responded to the motion, and the time

to do so has passed.  For the reasons set forth below, the motion to stay will be granted

and Plaintiff's claims against the Corizon Former Employees only will be stayed until the

United States Bankruptcy Court for the Southern District of Texas (hereinafter

"Bankruptcy Court") rules on the Omnibus Motion to Enjoin, described further below.

---

[1]     There are several other Defendants in this case who were not employed by
Corizon but were employees of the Missouri Department of Corrections.  These other
Defendants have not moved to stay this litigation, and Plaintiffs' claims against them
remain pending.

## BACKGROUND

The Corizon Former Employees argue that at the times of the alleged incidents from which Plaintiff's complaint arises, they were employed by Corizon.  Corizon filed for Chapter 11 Bankruptcy in on February 13, 2023, and civil lawsuits pending against Corizon were stayed pursuant to the Bankruptcy Court's Order at that time.  The debtors in the bankruptcy proceeding have now filed a motion to enjoin,[2] seeking an Order from the Bankruptcy Court that actions brought against Corizon's former employees are enjoined in connection with the now-effective Chapter 11 bankruptcy plan, which according to the Corizon Former Employees, includes former employees as "released parties."  *See* ECF No. 110 at 2.  The Corizon Former Employees argue that any objection to the motion to enjoin by Plaintiff in this case must be litigated in the Bankruptcy Court and that this litigation should be stayed until the Bankruptcy Court rules on the motion to enjoin.

## DISCUSSION

As a general rule, "[automatic bankruptcy] stays pursuant to [11 U.S.C.] § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)).  Generally, the bankruptcy court is in the best position to decide whether to extend the stay to non-debtors, such as the Corizon Former Employees here.  *See, e.g.*, *Bouton v. Missouri*, No. 2:22-CV-00010-

---

[2]    The Corizon Former Employees have attached a copy of this Bankruptcy Court motion to their instant motion to stay.  *See* ECF No. 110-1.

2

SPM, 2023 WL 3477935, at *2 (E.D. Mo. May 16, 2023) (noting that the Eighth Circuit has not made clear whether a district court even has authority to extend a bankruptcy stay but collecting cases for the proposition that the bankruptcy court is in the best position to decide whether an extension is appropriate).  Certainly where, as here, a motion to enjoin district court litigation has been filed in the bankruptcy proceeding, the bankruptcy court is the proper forum to resolve that motion.

For these reasons, and with no opposition from Plaintiff, the Court concludes that a stay is warranted as to Plaintiff's claims against the Corizon Former Employees only. This stay is also appropriate in light of the Court's inherent power to stay proceedings in the interest of judicial economy, and the Court concludes that no undue prejudice will result therefrom.  *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ashley Skaggs's and Tamra Crouch's motion to stay this action is **GRANTED**.  ECF No. 110.  Plaintiff's claims against the above-named Defendants only are **STAYED** pending further order of the Court.  Plaintiff's claims against the other named Defendants remain pending.

**IT IS FURTHER ORDERED** that Defendants Skaggs and Crouch shall file a status report **30 days** from the date of this Memorandum and Order, and every **30 days** thereafter, as to the status of their motion to enjoin filed in the above-noted bankruptcy

3

proceeding, until the motion is resolved.  Within **seven days** of the bankruptcy court's

ruling on the motion to enjoin, the above-named Defendants shall file a notice advising

the Court of the bankruptcy court's ruling and including a joint proposed schedule for

resolving Plaintiff's claims against these Defendants in this Court.

      **IT IS FURTHER ORDERED** that Defendants Skaggs's and Crouch's prior

motion to stay or, alternatively, for an extension of time is **DISMISSED as moot**.  ECF

no. 108.

      Dated this 26th day of June, 2025.

                                  AUDREY G. FLEISSIG
                                  UNITED STATES DISTRICT JUDGE