**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

TIMOTHY LIBERTUS,

    Plaintiff,

v.

PEYTON KEENER HARRIS, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

Cause No. 4:22-cv-01226-AGF

### DEFENDANTS ASHLEY SKAGGS AND TAMRA CROUCH'S RESPONSE TO THE COURT'S ORDER

COME NOW Defendants Ashley Skaggs and Tamra Crouch, and hereby file their Response to the Court's September 12, 2025, Order (Doc. 123), and state as follows:

1. At all times alleged against these Defendants in Plaintiff's Complaint (Doc. 1), they were employees of Corizon Health Services ("Corizon").

2. Corizon filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court of the Southern District of Texas, Houston Division, on February 13, 2023, (Cause No.: 23-90086(CML)) and civil lawsuits pending against Corizon were stayed pursuant to Order of the Bankruptcy Court at that time.  In Plaintiff's Complaint, he chose not to include Corizon but named these Defendants and other Parties.

3. By Order dated March 3, 2025 (Bankruptcy Doc. 2014) (Exhibit 1), the Bankruptcy Court confirmed and approved the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor ("Plan") (Exhibit 2).  The Plan is now effective.

4. Plaintiff's claims against these Defendants "arise from, in whole or in part, any

1

act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date in connection with or related to the Debtor…" See, Art. IX. D.; (Exhibit 2).

5.      Movants herein are included under the Bankruptcy as a "released party[1]."

6.      Pursuant to the Bankruptcy Plan, a "PI/WD Trust" is to be established, from which all claims will be paid.

7.      Per the Bankruptcy Order (Exhibit 1), if the settling Parties fully fund the Plan, as provided in more detail therein, within thirty (30) months of the effective date, then the Plan provides that "Released Parties," such as Defendants Ashley Skaggs and Tamra Crouch herein, will be released as to the claims at issue against them.  If the Plan is not fully funded by the settling Parties within the timeline outlined therein, these Defendants will not be released, and Plaintiff here would be permitted to move forward with claims against them at that time.

8.      It would directly conflict and interfere with the intended consummation of the Bankruptcy Plan to allow lawsuits against former Corizon employees to proceed when those causes of action will be fully released upon final payment under the Plan.  Art. IV.B.7.; (Exhibit 2)

9.      The Debtor in Bankruptcy (Corizon) filed an "Omnibus Motion to Enjoin" Plaintiffs from prosecuting cases against released parties following the Court's approval of the Bankruptcy Plan. (Exhibit 3).

10.      On August 7, 2025 (Exhibit 4), Bankruptcy Court entered an Order enjoining claimants who had pending litigation against Debtor entities and personnel listed in Exhibit A of that Order.  However, to claims listed in Exhibit B of the Order, who did not receive direct notice of the Bankruptcy, the Court denied the injunction at that point.  The Court did not, however,

---

[1] The Bankruptcy Court identified "Released Parties" to include Tehum Care Services, Inc., f/k/a Corizon Health, Inc. ("Debtor"); YesCare Corp.; CHS TX, Inc.; and current and former employees. (Bankruptcy Doc. 2160).

2

rule those claimants were allowed to proceed with their underlying litigation.

11.    Debtor contends that Plaintiff herein (and others listed in Exhibit B of the Bankruptcy Court's August 7, 2025, Order (Exhibit 4)) was provided constructive notice of these terms of the Bankruptcy and right to opt out.

12.    On August 21, 2025, the Debtor filed an Appeal on the Bankruptcy Court Order related to Claimants listed as "Exhibit B Claimants" (Exhibit 5).

13.    The intent of the Debtor and Committee of Tort Claimants is to release employees (also described as "Released Parties") as part of the Bankruptcy, but since some of those claimants allegedly did not receive proper notice (per the Bankruptcy Court), they are not yet included in the class of claimants who will share in the Bankruptcy proceeds.

14.    The issue in the Bankruptcy Appeal is a case dispositive issue and unrelated to the underlying merits here.  The former employee Defendants herein should not be compelled to defend this action until there is finality as to the Release issue.  These Defendants are not currently aware of the status of the Bankruptcy Appeal.

15.    Any judgment against these Defendants is ultimately a judgment against Corizon. While the Appeal of the Bankruptcy Order is pending this matter should continue to be stayed as to these Defendants so as not to prejudice these Defendants who will suffer immediate adverse economic impact if this case continues while the Bankruptcy is still pending.  See, *Swallow v. Corizon, LLC*, 2023 WL 2967785, *2 (E.D.Mo. 2023); *Hefley v. Redington*, 2023 WL 2592054, *2 (E.D.Mo. 2023).

16.    Continuation of this case would be a waste of the Court's time and prejudice Defendants Ashley Skaggs and Tamra Crouch who will financially be harmed by defending a case that should otherwise be resolved in Bankruptcy, and any eventual judgment (if adverse to

3

them) may be uncollectable and moot.

17.    In light of the current Bankruptcy Appeal to clarify the status of Claimants such as Plaintiff herein, a stay is warranted in this case until 1) the Debtor fully funds the Plan and Defendants are thereby released, 2) the Debtor fails within thirty (30) months to fund the Plan or 3) the Bankruptcy or Appellate Court enters an Order that would allow Plaintiff to proceed with the prosecution of his claims.

18.    An administrative dismissal is often entered when there has been a stall in litigation and such a dismissal permits the Plaintiff here to proceed against non-stayed parties, and/or to file the case again once the Bankruptcy Stay is lifted without fear of statute of limitations.

WHEREFORE, Defendants Ashley Skaggs and Tamra Crouch respectfully pray that this Honorable Court continue to recognize the automatic stay as to these Defendants, in the alternative, these Defendants request that they be administratively dismissed so the case may continue for the remaining Parties, and for any further relief this Court deems just and necessary under the circumstances.

Respectfully submitted,

/s/ J. Thaddeus Eckenrode
J. Thaddeus Eckenrode, MO Bar #31080
Elisa N. Leighton, MO Bar #72511
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670
(314) 726-2106 (fax)
jte@eckenrode-law.com
enl@eckenrode-law.com
Attorney for Defendants Ashley Skaggs and

4

*Tamra Crouch*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this _____ day of _____ 2025, to the following:

**Brian R. Shank**
**Katherine Asfour**
211 North Broadway, Suite 2500
St. Louis, MO 63102
(314) 621-7755
bshank@evans-dixon.com
*Attorneys for Plaintiff*

**Kevin M. Smith**
Attorney General of Missouri
615 E. 13th Street, Ste. 401
Kansas City, MO 64106
(816) 889-5016
Kevin.smith@ago.mo.gov
*Attorney for Defendants Peyton Keener Harris, Michael Thompson, Cooper Wells, Joshua Bowers, Thomas Craig, Ethan Jones, Andrew Brakefield, James Fox, Jarrett Sappington, Fischer, Caelon Upton, and Paul Blair*

*/s/*_____